

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LEE ANDREWS TRUST, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 3:02CV1076-H |
| PETER LICARI, FREDERICK H. EHMANN, STEVE FISHMAN, ETHAN LEDER, AND MICHAEL D'ARCANGELO, | § § § § § § | |
| Defendants. | § § § | |

### DEFENDANT ETHAN LEDER'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12, Defendant Ethan Leder ("Leder") files this motion to dismiss, as follows:

### I.

### GROUNDS FOR MOTION

The claims against Leder stated in Plaintiffs' First Amended Complaint (the "Complaint") must be dismissed for at least the following reasons:

(a) The Court has no personal jurisdiction over Leder. Leder is not now and never has been a resident of Texas and has not engaged in general and systematic contacts with Texas. Thus, no basis for general jurisdiction exists.

Leder has taken no action of any kind in his personal capacity that could create a basis for a Texas court to exercise personal jurisdiction over him. All of Plaintiffs' allegations relate to actions Leder took in his capacity as the President of HealthCare Funding Partners,

**DEFENDANT ETHAN LEDER'S MOTION TO DISMISS**  PAGE 1

11

Inc. ("HCFP"). The actions taken by Leder in his capacity as President of HCFP cannot, as a matter of law, be used as a basis for asserting personal jurisdiction over Leder in Texas. No basis for personal jurisdiction exists. Furthermore, the exercise of jurisdiction over Leder would offend fair play and substantial justice.

(b) The Complaint does not state a claim against Leder as a matter of law because the claims alleged by the Plaintiffs have been stipulated by the Plaintiffs to be released and fully satisfied pursuant to the plain language of a Stipulation that counsel for the Plaintiffs signed on their behalf and filed with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). Bankruptcy Judge Felsenthal approved and incorporated the Stipulation in a final order of the Bankruptcy Court entered on May 6, 2002.

(c) The Complaint does not state a claim against Leder as a matter of law because the Plaintiffs do not allege the elements required under applicable Texas law and/or plead with the required particularity with respect to the claims for conspiracy, participation in breach of fiduciary duty, violation of the Texas Security Act, fraud in a stock transaction, alter ego, and attorneys' fees.

(d) The Complaint does not state a claim against Mr. Leder as a matter of law because the claims are barred by the applicable statutes of limitation. Furthermore, no basis — either under the discovery rule or fraudulent concealment — exists for tolling the applicable statutes of limitation.

Respectfully submitted,

**SOPUCH ARNETT HIGGINS & GAUBERT, LLP**

By: _____
J. Robert Arnett II
State Bar No. 01332900
Jamil N. Alibhai
State Bar No. 00793248

4650 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 760-0900
Telecopy: (214) 760-0905

**QUARLES & BRADY STREICH LANG LLP**

John A. Harris
John Dawson
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5200
Telecopy: (602) 229-5690

**ATTORNEYS FOR DEFENDANT ETHAN LEDER**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be duly served upon counsel for Plaintiff, Jeanne Crandall, Reyna, Hinds & Crandall, 1201 Elm Street, Suite 3850, Dallas, Texas 75270, by first class mail on July 29, 2002.

_____
J. Sean Lemoine

S:\HELLER\LEDER\PLEAD\MOTDISM.WPD